1 Culbreath Stipulation Bankruptcy Case # 22-11416-amc

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: Cynthia E. Culbreath<br>        Debtor,<br><br>Rocket Mortgage, LLC s/b/m Nationstar<br>Mortgage LLC d/b/a Rushmore Servicing as<br>servicer for Federal Home Loan Mortgage<br>Corporation, as trustee for Freddie Mac<br>Seasoned Credit Risk Transfer Trust, Series<br>2017-4,as owner of the Related Mortgage Loan<br>        Movant.<br>v.<br><br>Cynthia E. Culbreath<br>        Debtor/Respondent,<br><br>Kenneth E. West, Office of the Chapter 13<br>Standing Trustee, Trustee<br>        Additional Respondent. | BANKRUPTCY CASE NUMBER<br>22-11416-amc<br><br>CHAPTER 13<br><br>11 U.S.C. § 362 |

**STIPULATION AND ORDER**

AND NOW, in consideration of the mutual promises and agreements set forth below, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, it is hereby stipulated and agreed to by and between the undersigned as follows:

1.      This Stipulation shall govern all post-petition payments due and owing to Movant, including those that fall due after the arrears, as set forth below, are cured.

2.      The post-petition arrearages on the mortgage held by Movant on Debtor's property at 902 Arch Street, Norristown, PA 19401 (the "Property"), are $4,631.92.  The breakdown of the arrears is as follows:

| | |
|---|---|
| Post-Payments for 12/01/2025 at $1,019.84 | $1,019.84 |
| Post-Payments from 02/01/2026 to 03/01/2026 at $1,037.25 each | $2,074.50 |
| Suspense Balance | $(11.42) |
| Bankruptcy Fees | $1,350.00 |

2 Culbreath Stipulation Bankruptcy Case # 22-11416-amc

| Bankruptcy Costs | $199.00 |
| --- | --- |

3.      If Debtor provides proof of negotiated payments not already credited, they will receive credit for those payments.

4.      Debtor shall cure the arrearages in the following manner:

(a)      The balance of the arrears, to-wit, $4,631.92, shall be cured by the Debtor through the Chapter 13 Plan. Debtor shall file an amended Chapter 13 Plan to pay the entire adjusted arrearage claim of $4,631.92 to Movant by April 15, 2026.

5.      Debtor shall resume making the regular monthly mortgage payments on April 1, 2026.  If funds are not received prior to the 15th of the month, then the payment shall include all applicable late charges;

(a)      Should Debtor's regular monthly payment amount change, Debtor shall be notified of such change, and the monthly payment amount due under the terms of the Stipulation shall change accordingly;

(b)      All payments to Movant shall include the Loan No. written on the face thereof, and shall be made directly to Attention: Rushmore Servicing, P.O. Box 619094 Dallas, TX 75261-9741;

(c)      Should the Debtor's post-confirmation plan be denied confirmation, counsel for Movant may file a Certification of Default with the Court and the Court shall enter an Order granting relief as to the Property.

(d)      All payments made pursuant to this Stipulation and Order shall be applied first to reimburse Movant for its attorneys' fees and costs (as provided for above) in connection with this motion.  All further payments will be applied to the arrears and/or monthly payments in the manner prescribed by the Mortgage and Note.

3 Culbreath Stipulation Bankruptcy Case # 22-11416-amc

6.      In the event that Debtor fails to file an Amended Chapter 13 Plan within the time period prescribed above, or if Debtor fails to make any of the payments set forth above, Movant shall notify Debtor and Debtor's attorney of the default in writing and Debtor may cure the default within 15 days of the notice.  If the default continues to the following month, the Debtor shall include funds to cure that month's default as well.  If Debtor should fail to cure the default within 15 days, Movant may file a Certification of Default with the Court, and upon the filing of the Certification, the Court shall enter an Order granting Movant relief from the automatic stay as to the Property.

7.      In the event the instant bankruptcy case is converted to a case under Chapter 7, this shall constitute a default under the terms of this Stipulation.  Debtor shall cure the pre-petition and post-petition arrears within ten (10) days from the date of conversion.  Should the Debtor fail to cure the arrears within ten (10) days from the date of conversion, counsel for Movant may file a Certification of Default with the Court and the Court shall enter an Order granting relief from the automatic stay as to the Property.

8.      Debtor understands that should Movant be forced to provide a written Notice of Default of this Stipulation, that Debtor shall be responsible for any reasonable attorney fees of $100.00 per Notice of Default and $200.00 per Certification of Default incurred by Movant as a result of preparation of same.

9.      It is further ordered and agreed that the Debtor's right to cure shall be limited to three (3) such opportunities and that upon the filing of a third Notice of Default under the terms of this Order, there shall be no further opportunity to cure and the Movant may proceed to foreclose its security interest in the subject real property as described above.

4 Culbreath Stipulation Bankruptcy Case # 22-11416-amc

10.     The proof of claim of Federal Home Loan Mortgage Corporation, as trustee for

Freddie Mac Seasoned Credit Risk Transfer Trust, Series 2017-4,as owner of the Related

Mortgage Loan is hereby updated to conform to this Agreed order, and further, this Agreed

Order shall serve as a Supplemental Proof of Claim.

11.     Debtor agree that the Court may waive Rule 4001(a) (3), permitting Movant to

immediately implement and enforce the Court's order.

The parties request that this Honorable Court approve this stipulation.


Dated: May 13, 2026                          /s/ William E. Miller
                                             William E. Miller 308951
                                             Attorney for Movant



                03/31/2026                   /s/Michelle Lee Dilworth with express permission
Dated:  _____              _____
                                             Michelle Lee, Dilworth Paxson LLP
                                             Attorney for Debtor



Dated:   April 24, 2026                       /s/ Jack K. Miller, Esquire    for
                                             Kenneth E. West, Office of the Chapter 13 Standing
                                             Trustee
                                             Trustee



AND NOW, this _22nd_____ day of _May_____, 2026, it is hereby
ORDERED that the foregoing Stipulation is approved, shall be, and is made an Order of this
Court.



                                 BY THE COURT:



                                 _____
                                 HONORABLE ASHELY M. CHAN
                                 UNITED STATES BANKRUPTCY JUDGE